Eastern District, January 1831.

PERRON ET AL.
vs.
GRASSIER.

---

*NEWSOM vs. ADAMS.*

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.

Parol evidence of the *lex non scripta* of a foreign country, must be received without the party offering it being required to show that there is no statute law on the subject.

This was an action for the recovery of a slave. On the trial of the cause, the plaintiff offered parol evidence of the law of Mississippi, in relation to the mode of transferring slaves. To the introduction of this testimony, the defendant objected, unless it was first shown, that there existed no statute law on the same subject.

The court overruled the objection, received the evidence, and the defendant took his bill of exceptions in these words: "Be it remembered, that on the trial of this cause, the counsel for plaintiff introduced parol proof, to show the law of Mississippi, in relation to the mode of transfer of slaves, without first showing that there existed no statute law on the subject. To evidence of this kind, the counsel for defendant objected, and tenders this bill for signature." There was judgment for the plaintiff, and the defendant appealed. The cause was submitted upon points without argument.

*Hennen,* for appellant, made the following :

U

NEWSOM
*vs.*
ADAMS.

1. The bill of exceptions taken by defendant, should be sustained, and the cause sent back for a new trial.

*M*<sup>c</sup>*Caleb* contra :

1. The bill of exceptions gives *no reasons* why the judge was wrong, except that the " laws" of Mississippi and the " Statute Law," are different things. An absurdity that requires no explanation.

*Martin J.* delivered the opinion of the court.

The counsel for the appellant shews that he offered, on the trial, parol evidence of the law of the State of Mississippi, in relation to the mode of transferring slaves, which the District Court refused to receive, unless proof was first made, that there existed no statute law on the subject, whereupon the counsel took his bill of exceptions.

The counsel of the appellee has contended, that the evidence was properly rejected, and " the bill gives no reason why the judge was wrong, except that the law of Mississippi and the statute law are different things." An absurdity which, the counsel says, requires no explanation.

We think the judge erred. The law of every State includes its *lex scripta* and *lex non scripta.* Parol evidence must necessarily be admitted of the latter, but not of the former. The counsel ought, therefore, to have been permitted to offer parol evidence of the former. To require him first to administer evidence of the absolute silence of the statute law or *lex scripta,* was to insist on the production and reading of every statute of the State of Mississippi. He ought to have been permitted to proceed, and be stopped if he adduced parol evidence of the contents of a statute.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the verdict set aside, and the case remanded, with directions to the judge not to prevent the admission of parol evidence of the law of the State of Mississippi, unless it be shewn, that there exists no statute law of that State on the same subject. The appellee paying costs in this court.

Parol evidence of the *lex non scripta* of a foreign country, must be received without the party offering it being required to show that there *is* no statute law on the subject.